February 15, 2002

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 MAR 12  A 10: 48

AT BALTIMORE

_____DEPUTY

Honorable Judge Benson Legg
United States District Court of Maryland
101 West Lombard St
Baltimore, MD 21201

RE:  Life Source, Inc.  v.  Michael J. Sposito, etc.
Civil #L-01-3383

**Memo of Request to Judge Legg**

Dear Judge Legg:

I request your Court once again to Dismiss this case for the following reasons:

1. The Original Affadavit signed by Bob Bernotas who certified his statements as true, are, in fact, not true as a review of the Evidence submitted to the Court and during telephone Deposition shows. Defendant, Sposito, was an authorized distributor for Life Source, Inc. In fact, Bob Bernotas himself called Sposito on several occasions to make rquests of him, and; introduced Sposito to other distributors at the Las Vegas Convention Booth for 4YourHealth Products.

2. Defendant, Sposito, is not trained in the Legal Field, but recognizes that statements were made, actions were filed, and; some actions were not acted upon in this case which resulted in a Prejudice towards him.

    A. Plaintiff in Status Report to Court Claims he tried to negotiate a settlement but he never did contact Defendant as Claimed therefore misleading the Court as to Defendant's attitude.

    B. Plaintiff Objected to a suggestion by the Court that this case be Arbitrated. Plaintiff also filed a Motion to Deny a Motion filed by Defendant regarding third party Arbitration. Then during a telephone Deposition Plaintiff went "off the record" to inform Defendant that he had very recently "emailed" a settlement offer. Plaintiff already knows emails from him are not accepted by Defendant as they are not recognizeably legal. If he had a sincere offer to settle, it should have been done through the Court channels. I assume in the next status report to the Court, Plaintiff will make Claim that Defendant again refused to consider a negotiation when as before no contact or negotiations took place.

    C. In previous Motions filed by Plaintiff, judgemental remarks were made towards the Defendant implying Defendant did not know the difference between a Trademark and a Servicemark and did so in a forceful manner .

*[Handwritten left margin:]* Reasons: Unverified and unsupported complaints that Plaintiff's suit is frivolous do not constitute a proper basis for dismissal. B. Legg C/M 3/9/02

*[Handwritten bottom:]* Denied, but Mr. Anon *(Page 1)* shall explain in writing by 3/19/02 why (and whether) Mr. Sposito was told he had to pay the Court reporter for a copy of the transcript to correct and sign.   B. Legg 3/9/02   WOS

D.  Plaintiff in submitting his evidence in Answers to Motions, has attempted to manipulate the Court by not presenting the entire precedent case such as in his explanation of the Lanham Act and the qualifiers that must be present before Lanham Act can be invoked.

E.  Plaintiff has been incomplete in presenting evidence to the Court for his Claims. In some instances Evidence is presented while in other issues no supporting Evidence for Claims is presented as in showing any substantial support for the original Affadavit.

F.  Defendant suggests (but does not know) that other similar cases have been filed in this Court using similarly falsely signed Affadavits.  All these situations should be reviewed and taken into Consideration in light of this case.

G.  Court has decided upon some Motions while allowing other Motions such as Venue Change go undecided.  Plaintiff knows that a Venue change or third party Arbitration would be devistating to his case.  Why is it these fundamental decisions were not ruled upon in timely fashion.

3.  After the telephonic Deposition was taken, Plaintiff told me I would not get the opportunity to read and/or correct the transcript nor sign it unless I paid approximately $100.00 to the agency who recorded the conversation.  That doesn't sound correct to me because my statements would go directly to court without my perusal and signature and I don't have money to pay to read the transcript and sign it.

4.  During the Deposition many questions were asked that were not Relevant to the Affadavit forming the basis for this case.  Plaintiff was on fishing expedition for information apparently regarding other cases filed.

5.  The Court which has many years of experience should be suspect of a "frivilous" Action when one is filed and should recognize prejudicial actions when they occur.  After reviewing Defendant's Evidences and Hard facts, and; realizing that Plaintiff has not substantiated any Claims made to support the Affadavit, and; looking at the track record of Objections and other filings made by Plaintiff against an individual who has no legal training, the Court should reflect deeply on this matter considering the Court Resources being expended, and the Merit of the case in both Legality and Claimed Damages, and then "Dismiss" this case.

Defendant deeply regrets having to ask for a Dismissal for the third time, but sincerely desires that the Court consider what this case really was about when it was filed.....simply to try and eliminate a person from selling a competing product by putting them out of business through legal manipulations.

Sincerely,

Michael Sposito
(419) 529 5184

cc: J. Aronson, Atty for Plaintiff

(page 2)

## CERTIFICATE OF SERVICE

I, Michael J. Sposito, declare as follows:

I am Defendant in the above-captioned case. I am over the age of eighteen years old. My address is 360 Willowdell Drive, Mansfield, Ohio 44906. On February 15, 2002, I served the following document(s):

## MEMO OF REQUEST TO JUDGE LEGG

on the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

Joel S. Aronson, Esq. Aretina Papagiannopoulos, Esq. Ridberg, Press & Sherbill, LLP 3 Bethesda Metro Center, Suite 650 Bethesda, MD 20814

☒**BY MAIL**: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date and deposited it with the U.S. Postal Service on that same day. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.☐**BY PERSONAL SERVICE**: I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.☐**BY FACSIMILE**: From facsimile number _____ at _____ a.m./p.m., I caused each such document to be transmitted by facsimile machine, to the parties and numbers indicated above, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.☐**BY UPS NEXT DAY AIR:** On the above-mentioned date, I placed a true copy of the above-mentioned document(s), together with an unsigned copy of this declaration, in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.The foregoing document(s) was(were) printed on recycled paper.☒**(STATE)**I declare under penalty of perjury under the laws of the State of Maryland that the foregoing is true and correct.☐**(FEDERAL)**I declare under penalty of perjury that the foregoing is true and correct.Executed on Febuary 15, 2002.

Michael J. Sposito

*Michael Sposito*